B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Richard A. Wieland, United States<br>Trustee for Region 20 | DEFENDANTS<br>Kelly Robbennolt<br>Mason Schau<br>Barbara Miller |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Paul R. Thomas, 224 S. Boulder Ave.,<br>Room 225, Tulsa, OK 74103<br>(918) 581-6687 | ATTORNEYS (If Known)<br><br>Unknown |
| PARTY (Check One Box Only)<br>□ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint alleging violations of 11 USC Section 110, seeking disgorgement, fines, and injunctive relief.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- ☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 22,000.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>James Richard Bolt | BANKRUPTCY CASE NO.<br>11-80159 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Oklahoma | DIVISION OFFICE<br>Okmulgee | NAME OF JUDGE<br>Tom R. Cornish |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Paul R. Thomas | | |
| DATE<br>September 13, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paul R. Thomas | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

JAMES RICHARD BOLT,                                  )
                                                     )
                                                     )   Case No. 11-80159
                          Debtor.                    )   Chapter 13
_____            )
                                                     )
RICHARD A. WIELAND, United States Trustee,           )
                                                     )
                          Plaintiff,                 )
                                                     )
          v.                                         )
                                                     )   Adv. Proc. No. 11-_____
KELLY ROBBENNOLT, an individual,                     )
d/b/a US Credit Counseling & Bankruptcy              )
Protection Group,                                    )
MASON SCHAU, an individual,                          )
and                                                  )
BARBARA MILLER, an individual,                       )
                                                     )
                                                     )
                          Defendants.                )
_____            )

## UNITED STATES TRUSTEE'S COMPLAINT FOR DISGORGEMENT, SANCTIONS AND INJUNCTIVE RELIEF AGAINST BANKRUPTCY PETITION PREPARERS PURSUANT TO 11 U.S.C. § 110

    Richard A. Wieland, United States Trustee for Region 20, Plaintiff ("UST"), for his

complaint for disgorgement, sanctions and injunctive relief against Defendants pursuant to

11 U.S.C. § 110 alleges and states as follows:

## PARTIES

1.      Plaintiff, Richard A. Wieland ("Plaintiff"), is the United States Trustee for Region 20 which encompasses the Northern District of Oklahoma, with the following business address: Office of the United States Trustee, 224 South Boulder Avenue., Room 225, Tulsa, Oklahoma 74103.

2.      Defendant, Kelly Robbennolt ("Robbennolt"), is an individual who also does or did business as US Credit Counseling & Bankruptcy Protection Group, and acts or has acted as a bankruptcy petition preparer ("BPP") as defined in 11 U.S.C. § 110(a).  Robbennolt was identified by James R. Bolt ("Debtor"), through a series of e-mail communications with the former Chapter 7 Trustee, Gerald R. Miller, as one of the non-attorney BPP responsible for preparing Debtor's bankruptcy documents. Kelly Robbennolt failed to sign or otherwise identify himself on Debtor's petition and other documents filed in this case.  Robbennolt is not an attorney licensed to practice law in the State of Oklahoma.  At all times material to the facts and issues underlying this Complaint, Robbennolt was not, and is not, operating as a paralegal under the supervision or control of a licensed attorney.  Kelly Robbennolt may be served at his place of residence: 3677 Brandon Way, Missoula, MT 59803.

3.      Defendant, Mason Schau ("Schau"), is an individual who also does business as or for US Credit Counseling & Bankruptcy Protection Group, and acts or has acted as a bankruptcy petition preparer ("BPP") as defined in 11 U.S.C. § 110(a). Schau was identified by the Debtor through a series of e-mail communications with the former Chapter 7 Trustee, Gerald R. Miller, as one of the non-attorney BPP responsible for preparing Debtor's bankruptcy documents. Mason Schau failed to sign or otherwise identify himself on Debtor's petition and other documents filed in this case.  Schau is not an attorney licensed to practice law in the State of Oklahoma.  At all

2

times material to the facts and issues underlying this Complaint, Schau was not, and is not, operating as a paralegal under the supervision or control of a licensed attorney. Mason Schau may be served at his place of residence: 609 W. 11th Street, Cozad, NE 69130.

4.      Defendant, Barbara Miller ("Miller"), is an individual who also does business as or has worked for US Credit Counseling & Bankruptcy Protection Group, and acts or has acted as a bankruptcy petition preparer ("BPP") as defined in 11 U.S.C. § 110(a). Miller signed Debtor's Petition as a non-attorney petition preparer (see page 3 of Doc # 1) and was further identified by the Debtor through a series of e-mail communications with the former Chapter 7 Trustee, Gerald R. Miller, as one of the non-attorney BPP responsible for preparing Debtor's bankruptcy documents. Barbara Miller is not an attorney licensed to practice law in the State of Oklahoma. At all times material to the facts and issues underlying this Complaint, Miller was not, and is not, operating as a paralegal under the supervision or control of a licensed attorney. Barbara Miller may be served at her place of residence: 2402 Country Club Drive, Pearland, TX 77581.

## JURISDICTION

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157 and 11 U.S.C. § 110. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

7.      Plaintiff has standing to seek the relief requested, pursuant to 11 U.S.C. §§ 307 and 110(j)(1).

## FACTS

8.      Robbennolt, Schau, and Miller ("Defendants"), through US Credit Counseling &

3

Bankruptcy Protection Group, operate as preparers of bankruptcy documents, including documents filed in the United States Bankruptcy Court for the Northern District of Oklahoma in the bankruptcy case of James Richard Bolt, 11-80159 (originally filed under Chapter 7, but then converted to Chapter 13). Bolt's Petition and Schedules were filed on February 14, 2011.

9.      On March 18, 2011, Debtor completed and filed a Pro Se Filing Disclosure which disclosed that he paid $50.00 to have his bankruptcy petition and schedules prepared, but failed to identify the petition preparer(s). At the 11 U.S.C. § 341(a) meeting ("Meeting of Creditors"), which was continued at least times for Debtor's failure to appear, Debtor identified Kelly Robbennolt, Mason Schau, and Barbara Miller as the individuals who assisted in the preparation of his petition, schedules, and other documents for filing.

10.      Defendants prepared at least the following documents that were filed in the Debtor's bankruptcy case: 1.) Voluntary Petition, 2.) Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code, 3.) Disclosure of Compensation of Bankruptcy Petition Preparer, 4.) Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer, 5.) Schedules A through J, 6.) Statement of Financial Affairs, 7.) Chapter 7 Individual Debtor's Statement of Intention, and 8.) Statement of Current Monthly Income and Means Test Calculation.

11.      Defendants Robbennolt and Schau failed to sign or otherwise identify themselves as a BPP on any documents they assisted in the preparation of for filing in this case.

12.      Defendant Miller identified herself and signed, as petition preparer: 1.) Voluntary Petition, 2.) Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code (Miller identified herself but failed to sign this Notice), 3.) Disclosure of Compensation of Bankruptcy Petition Preparer, 4.) Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer, 5.) Schedules A through J, 6.) Statement of Financial Affairs, 7.) Chapter 7 Individual Debtor's

4

Statement of Intention, and 8.) Statement of Current Monthly Income and Means Test Calculation.

13.    Debtor disclosed in his Amended Statement of Financial Affairs (Docket Entry # 71, filed on 6/30/11) that he paid $500.00 to Barbara Miller.   This amount conflicts with the $50.00 disclosure made by the Debtor on the Pro Se Filing Disclosure filed on 3/18/11.

14.    The United States Trustee is informed and believes and, based thereon, alleges that the activities of Defendants, were accomplished through the direction of Kelly Robbennolt d/b/a US Credit Counseling & Bankruptcy Protection Group for a fee of $799.00.

15.    Gerald R. Miller was appointed chapter 7 trustee and presided  at the Meeting of Creditors which, after being continued three (3) times, was finally held on July 20, 2011.

16.    The United States Trustee is informed and believes and, based thereon, alleges that Defendants have utilized a network of individuals who are located in different physical locations to hide their involvement as BPPs and to avoid being held accountable for compliance with 11 U.S.C. § 110.

## FIRST CLAIM FOR RELIEF

### (Violation of 11 U.S.C. § 110(f))

17.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1
        through

16.

18.    Defendants advertise their services on various websites and bulletin boards on the internet.  A direct quote from a "press release" states, among other things:

"US Credit Counseling & Bankruptcy Protection Group announces complete bankruptcy filings for $799 covering 35 states.  We specialize with local area attorneys."

*See* attached Exhibit "A".

5

19.    According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy

petition

preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply

with this subsection or subsection (b), (c), (d), (e), (f), or (g)."  Therefore, the Court should order

Defendants, jointly and severally, to disgorge the entire fee paid to them by Debtor.

20.    According to 11 U.S.C. § 110(I), if a BPP violates section 110 or "commits any

act that the court finds to be fraudulent, unfair, or deceptive . . . the court shall order the

bankruptcy petition preparer to pay . . ." the debtor's actual damages and the greater of $2,000 or

twice the BPP fee (both of which are payable to the debtor).  The "press release" on the Free

Press Release website violates this provision inasmuch as it implies attorneys are involved.

Therefore, Plaintiff requests that the Court order Defendants, jointly and severally, to pay not

less than $2,000 plus Debtor's actual damages to Debtor.

## SECOND CLAIM FOR RELIEF

### (Violation of 11 U.S.C. § 110(e)(2)(B)(iii))

21.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through

20.

22.    In preparing Debtor's bankruptcy documents for filing, Defendants selected the

property claimed exempt by the Debtor which was listed on Schedule C - Property Claimed as

Exempt.  *See* Docket Entry #1, page 16 of 41.

23.    Debtor did not select his exemptions or instruct Defendants regarding which

Oklahoma statutes to list on his petition to exempt his property.  Debtor was unfamiliar with the

Oklahoma exemption statutes that were listed on Schedule C to support his exemption claims.

6

Defendants selected Debtor's exemptions and advised Debtor that he would be able to keep the property listed as exempt.

24. Pursuant to 11 U.S.C. §110(e)(2)(B)(iii), a BPP may not advise a debtor regarding "whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title." Defendants' advice to Debtor violated this provision. By offering such advice, Defendants violated 11 U.S.C. §110(e)(2)(B)(iii).

25. According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition

preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." Therefore, the Court should order Defendants, jointly and severally, to disgorge the entire fee paid to them by Debtor.

26. According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be assessed against any BPP for each violation of subsections (b-h). Therefore, the Court should assess a $500 fine against Defendants, jointly and severally, payable to Plaintiff.

27. According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of the BPP. It is alleged that Defendants Kelly Robbennolt and Mason Schau failed to disclose their identities as BPPs in this case. Therefore, the Court should triple the fine assessed pursuant to paragraph 26 above.

7

## THIRD CLAIM FOR RELIEF

## (Violation of 11 U.S.C. § 110(e)(2)(B)(vii))

28.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1

        through

27.

29.     Defendants advised Debtor concerning bankruptcy procedures and rights.

30.     Pursuant to 11 U.S.C. §110(e)(2)(B)(vii), a BPP may not advise a debtor

"concerning bankruptcy procedures and rights."  Defendants' advice to Debtor violated this

provision.

31.     According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy

        petition

preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply

with this subsection or subsection (b), (c), (d), (e), (f), or (g)."  Therefore, the Court should order

Defendants, jointly and severally, to disgorge the entire fee paid to them by Debtor.

32.     According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be

assessed against any BPP for each violation of subsections (b-h).  Therefore, the Court should

assess a $500 fine against Defendants, jointly and severally, payable to Plaintiff.

33.     According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine

assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court

finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of

the BPP.  It is alleged that Defendants Kelly Robbennolt and Mason Schau failed to disclose

their identities as BPPs in this case.    Therefore, the Court should triple the fine assessed

pursuant to paragraph 32 above.

8

## FOURTH CLAIM FOR RELIEF

## (Violation of 11 U.S.C. § 110(e)(2)(B)(vi))

34.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through

33.

35.     Defendants, solicited financial information from Debtor through electronic

communications with multiple individuals.  Defendants used the responses provided by Debtor

to generate the Schedules Debtor filed in his case.  Defendants determined how and where to list

the information provided by Debtor, including the categorization of assets as real, personal, or

contractual, and the categorization of liabilities as secured, priority, general unsecured, or

contractual.

36.     Pursuant to 11 U.S.C. §110(e)(2)(B)(vi), a BPP may not advise a debtor

"concerning how to characterize the nature of the debtor's interests in property or the debtor's

debts."  Defendants' advice to Debtor violated this provision.

37.     According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy

petition

preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply

with this subsection or subsection (b), (c), (d), (e), (f), or (g)."  Therefore, the Court should order

Defendants, jointly and severally, to disgorge the entire fee paid to them by Debtor.

38.     According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be

assessed against any BPP for each violation of subsections (b-h).  Therefore, the Court should

assess a $500 fine against Defendants, jointly and severally, payable to Plaintiff.

39.     According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine

9

assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of the BPP.  It is alleged that Defendants Kelly Robbennolt and Mason Schau failed to disclose their identities as BPPs in this case.   Therefore, the Court should triple the fine assessed pursuant to paragraph 38 above.

## FIFTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. § 110(b)(1))

40.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through

39.

41.     Pursuant  to 11 U.S.C. § 110(b)(1), a BPP "shall sign the document and print on the document the preparer's name and address."

42.     Defendants prepared at least five (5) documents for filing in the James Richard Bolt bankruptcy case.  Furthermore, there are five (5) places within the documents filed in the James Richard Bolt bankruptcy that specifically call for the signature and identifying number of BPPs who prepared documents for filing.  *See* Docket Entry #1 (11-80159), page 3 of 41, page 7 of 41, page 9 of 41, page 25 of 41, and page 30 of 41. Defendants Kelly Robbennolt and Mason Schau failed to sign or provide an address on any document that they prepared for filing in this case.  Defendants' failure to sign the documents they prepared for filing in this case constitutes a violation 11 U.S.C. § 110(b)(1).

43.     According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition

preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." Therefore, the Court should order Defendants Robbennolt and Schau, jointly and severally, to disgorge the entire fee paid to them by Debtor.

44.     According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be assessed against any BPP for each violation of subsections (b-h). Therefore, the Court should assess a fine of at least $2,500 against Defendants Robbennolt and Schau, jointly and severally, payable to Plaintiff.

45.     According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of the BPP. It is alleged that Defendants Kelly Robbennolt and Mason Schau failed to disclose their identities as BPPs in this case. Therefore, the Court should triple the fine assessed pursuant to paragraph 44 above.

### SIXTH CLAIM FOR RELIEF

### (Violation of 11 U.S.C. § 110(c)(1))

46.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through

45.

47.     According to 11 U.S.C. § 110(c)(1), a BPP "shall place on the document, after the

11

preparer's signature, an identifying number[1] that identifies individuals who prepared the document." There are at five (5) places within the documents filed in the James Richard Bolt bankruptcy that specifically call for the signature and identifying number of BPPs who prepared documents for filing.  *See* Docket Entry #1 (11-80159), page 3 of 41, page 7 of 41, page 9 of 41, page 25 of 41, and page 30 of 41.  No identifying number for Kelly Robbennolt or Mason Schau is found on any document that was filed in this case.  Defendants' failure to provide appropriate identifying numbers on documents they prepared for filing in this case constitute a violation 11 U.S.C. § 110(c)(1).

48.     According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)."  Therefore, the Court should order Defendants Kelly Robbennolt and Mason Schau, jointly and severally, to disgorge the entire fee paid to them by Debtor.

49.     According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be assessed against any BPP for each violation of subsections (b-h).  Therefore, the Court should assess a $2500 fine against Defendants Kelly Robbennolt and Mason Schau, jointly and severally, payable to Plaintiff.

50.     According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of the BPP.  It is alleged that Defendants Kelly Robbennolt and Mason Schau failed to disclose

---

[1]11 U.S.C. § 110(c)(2)(A) states that "the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation."

their identities as BPPs in this case.   Therefore, the Court should triple the fine assessed

pursuant to paragraph 49 above.

<center>**SEVENTH CLAIM FOR RELIEF**</center>

<center>**(Request for Injunctive Relief Pursuant to 11 U.S.C. § 110(j))**</center>

51.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through

50.

52.     Defendants' actions described in detail in paragraphs 1 through 51 above violate

11 U.S.C. § 110(e), (f), and (i), and constitute fraudulent, unfair, or deceptive conduct.

Injunctive relief is appropriate to prevent the recurrence of this conduct.

53.     According to 11 U.S.C. § 110(j)(2)(A):

> [I]f the court finds that--(i) a bankruptcy petition preparer has--(I) engaged in
> conduct in violation of this section or of any provision of this title; . . .  or (III)
> engaged in any other fraudulent, unfair, or deceptive conduct; and (ii) injunctive
> relief is appropriate to prevent the recurrence of such conduct, the court may
> enjoin the bankruptcy petition preparer from engaging in such conduct.

Therefore, the Court should enjoin the Defendants from engaging in the conduct described above

in the future, enforceable in all federal jurisdictions.

<center>**PRAYER**</center>

**WHEREFORE**, Plaintiff respectfully prays an order from the Court as follows:

**AS TO THE FIRST CLAIM FOR RELIEF:**

A.     Disgorging the entire fee paid to Defendants, jointly and severally, to be returned

to Debtor;

<center>13</center>

B.      Awarding damages against Defendants, jointly and severally, to Debtor in the

amount of $2,000 plus actual damages as proved at trial;

**AS TO THE SECOND CLAIM FOR RELIEF:**

A.      Disgorging the entire fee paid to Defendants, jointly and severally, to be returned

to Debtor;

B.      Imposing a fine upon Defendants, jointly and severally, of $500.00, payable to

Plaintiff;

C.      Tripling the $500 fine as to Robbennolt and Schau to total $1,500, payable to

Plaintiff;

**AS TO THE THIRD CLAIM FOR RELIEF:**

A.      Disgorging the entire fee paid to Defendants, jointly and severally, to be returned

to Debtor;

B.      Imposing a fine upon Defendants, jointly and severally, of $500.00, payable to

Plaintiff;

C.      Tripling the $500 fine as to Robbennolt and Schau to total $1,500, payable to

Plaintiff;

**AS TO THE FOURTH CLAIM FOR RELIEF:**

A.      Disgorging the entire fee paid to Defendants, jointly and severally, to be returned

to Debtor;

B.      Imposing a fine upon Defendants, jointly and severally, of $500.00, payable to

Plaintiff;

C.      Tripling the $500 fine as to Robbennolt and Schau to total $1,500, payable to

Plaintiff;

14

**AS TO THE FIFTH CLAIM FOR RELIEF:**

A.      Disgorging the entire fee paid to Defendants Robbennolt and Schau, jointly and

        severally, to be returned to Debtor;

B.      Imposing a fine upon Defendants Robbennolt and Schau, jointly and severally, of

        $2,500.00, payable to Plaintiff;

C.      Tripling the $2,500 fine as to Robbennolt and Schau to total $7,500, payable to

        Plaintiff;

**AS TO THE SIXTH CLAIM FOR RELIEF:**

A.      Disgorging the entire fee paid to Defendants Robbennolt and Schau, jointly and

        severally, to be returned to Debtor;

B.      Imposing a fine upon Defendants Robbennolt and Schau, jointly and severally, of

        $2,500.00, payable to Plaintiff;

C.      Tripling the $2,500 fine as to Robbennolt and Schau to total $7,500, payable to

        Plaintiff;

**AS TO THE SEVENTH CLAIM FOR RELIEF:**

A.      Enjoining Defendants, jointly and severally, from engaging in the conduct which

        violates 11 U.S.C. § 110 as complained of in the First through Sixth Claims for

        Relief , enforceable in any and all federal jurisdictions.

**AS TO ALL CLAIMS FOR RELIEF:**

        Such further relief as may be proper as deemed by the Court.

                            Respectfully Submitted,
                            RICHARD A. WIELAND
                            United States Trustee

                            /s/ *Paul R. Thomas*

                                    15

Paul R. Thomas, OBA# 11546
224 South Boulder Ave., Room 225
Tulsa, Oklahoma 74103
Telephone: 918/581-6687
Telecopier: 918/581-6674



Free Press Release 3.0
Press release distribution service since 2001.

Press Release Trade Shows Global Tenders Jobs Center
Already a member? Login! Create Free Account!
lose weight Submit Qu
@fpressrelease · 1,470 followers Like 2K

QUICK LINKS: Automotive Business Computer Education Health Home & Family Lifestyle Technology Business Trade Insights

You are here: Home › Legal / Law › Other › Complete Bankruptcy Filing $799

# Complete Bankruptcy Filing $799

November 4, 2009

390 Print PDF Email to Friends Email to Author

**US Credit Counseling & Bankruptcy Protection Group announces complete bankruptcy filings for $799 covering 35 states. We specialize with local area attorneys.**

· Ads by Google Bankruptcy 13 Bankruptcy Law Bankruptcy FAQ Pre Bankruptcy

FOR IMMEDIATE RELEASE (Free-Press-Release.com) November 4, 2009 -- US Credit Counseling & Bankruptcy Protection Group announces complete bankruptcy filings for $799 covering 35 states. We specialize with local area attorneys.

Showing latest available data.
Rank States
# 1 Georgia:
# 2 Texas:
# 3 Michigan:
# 4 Tennessee:
# 5 California:
# 6 Illinois:
# 7 Ohio:
# 8 New York:
# 9 Pennsylvania:
# 10 Florida:
# 11 North Carolina:
# 12 Indiana:
# 13 Alabama:
# 14 Missouri:
# 15 New Jersey:
# 16 Virginia:
# 17 Washington:
# 18 Kentucky:
# 19 Louisiana:
# 20 Wisconsin:
# 21 Maryland:
# 22 Arkansas:
# 24 Oregon:
# 25 Arizona:
# 26 Colorado:
# 27 Massachusetts:
# 28 South Carolina:
# 29 Minnesota:
# 30 Oklahoma:
# 31 Utah:
# 32 Kansas:
# 33 Puerto Rico:
# 34 Nevada:
# 35 Iowa:
# 36 Connecticut:

Hot Topics
Focus Topics More Topics
personal injury lawyer
accounting firms
accident lawyers
waterfront foreclosures
legal translation
Medical Malpractice Lawyers
vollara review
vollara opportunity
legal recovery law complaint
insurance claims lawyers

United States of America
Us Main Cities
Brooklyn Chicago
Atlanta Philadelphia
Denver Minneapolis
Portland Los Angeles
Miami Phoenix
Las Vegas San Diego
Seattle San Francisco
San Jose Dallas
Kendall Park New York
Houston Washington

India, Republic of
India Main Cities
Indore Jaipur
NOIDA Hyderabad
Ahmedabad Calcutta
Bangalore Mumbai
Coimbatore Ghaziabad
Bhopal Gurgaon
Lucknow Cochin
Nagpur ludhiana
Pune Chennai
Chandigarh New Delhi

EXHIBIT "A"

# 37 Nebraska:
# 38 West Virginia:
# 39 Idaho:
# 40 New Mexico:
# 41 Montana:
# 42 Delaware:
# 43 New Hampshire:
# 44 Rhode Island:
# 45 Maine:
# 46 Hawaii:
# 47 South Dakota:
# 48 Vermont:
# 49 North Dakota:
# 50 Wyoming:
# 51 District of Columbia:
# 52 Alaska:
# 53 Guam:
# 54 US Virgin Islands:

Kelly Robbennolt
US Credit Counseling & Bankruptcy Protection Group
801-787-6398
kellyrobbennolt@gmail.com

Share | 0



**More in Legal / Law**

Legal / Law    Popular Industries

Copyright
Criminal
Cyber Law
Employment Law
Intellectual Property
Other
Trademarks

Free Press Release  |  Business Trade Show  |
Jobs Center  |  Global Tenders  |  Business
Trade Insights  |  Submit Articles

## Contact Information

**Name:** Kelly Robbennolt
**Email:** ***@gmail.com

Visit the website »

**Email to Friends**     **Email to Author**          **Report Abuse**

· **Ads by Google**   Bankruptcy Kit   New Bankruptcy   CA Bankruptcy   UK Bankruptcy

**Upcoming Trade Show** | New Press News | New Exclusive News

**sultan international**
**When:** 1999.03.21~2017.02.20
**Where:** Pakistan
**Industry:** Home & Garden Supplies

**FUJIAN PROVINCIAL LIGHT INDUSTRIAL PRODUCTS IMP.& EXP. (GROUP) CORP.**
**When:** 2000.01.01~2030.01.01
**Where:** China (Mainland)
**Industry:** Apparel & Fashion

**yiwu minglang handicrafts company**
**When:** 2001.07.15~2017.07.15
**Where:** Yiwu,China (Mainland)
**Industry:** Apparel & Fashion

## Post your news to the World.

See you news here immediately. It's easy and free!
Create free account or Login.

EXHIBIT "A"

**Online Bankruptcy Filing** www.LegalZoom.com
File for Bankruptcy - 3 Easy Steps! Featured by
CNN and Entrepreneur.

**Is Bankruptcy For You?** www.LegalHelpers.com
Find Answers to All Your Bankruptcy Questions.
Over 75K Clients Helped!

**Chapter 13 Means Test** www.wandsfirm.com
need answers to questions now? free consult
Kensington, Maryland

**Bankruptcy Course - $25** www.abacuscc.org
Easy, Credit Counseling Course Get Certificate
Same Day

AdChoices ▷

Copyright ©

2001-2011 Free-Press-Release Inc. All rights reserved.